THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. CHARLES BLAKELY, Defendant-Appellee.

Second District    No. 2—94—1000

Opinion filed April 3, 1996.

Dallas C. Ingemunson, State's Attorney, of Yorkville (William L. Browers and Lisa A. Hoffman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

G. Joseph Weller, Colleen M. Chang, and Barbara R. Paschen, all of State Appellate Defender's Office, of Elgin, for appellee.

JUSTICE DOYLE delivered the opinion of the court:

The State appeals the order of the trial court suppressing the evidence of marijuana found during a search of an automobile driven by defendant, Charles Blakely. The issue on appeal is whether, incident to a valid arrest, a police officer may search behind an unsecured car stereo. We reverse and remand.

Defendant was charged by information with unlawful possession of cannabis (720 ILCS 550/4(c) (West 1994)). On July 8, 1994, defendant filed a motion to quash the arrest and a motion to suppress the evidence of marijuana seized from the automobile defendant was driving. On August 4, 1994, the trial court held a hearing on defendant's motions.

Officer James Jenson, a patrolman with the Oswego police department, testified that on June 9, 1994, he observed a white Buick LeSabre in "beater condition" about four car lengths ahead of him. From his position, Jenson could not identify the gender of the driver. Jenson described the driver as having long brown hair. Jenson had a search run on the vehicle's license number and learned that the registered owner, Elizabeth Blakely, had a suspended driver's license.

As the vehicle turned westbound onto Route 34, Jenson activated his emergency lights and initiated a traffic stop. Defendant pulled the LeSabre onto the shoulder of the road and Jenson approached the vehicle. Jenson requested a driver's license and proof of insurance. Defendant stated that he did not carry identification with him because of his job as a roofer. Defendant explained that the car belonged to him and his wife, Elizabeth Blakely.

Jenson then requested a computer search on defendant and was advised that defendant's driver's license had expired on July 15, 1991. Jenson arrested defendant, cuffed him, searched him, and placed him in the backseat of the squad car. Jenson then conducted a search of the vehicle.

In conducting the search, Jenson began with the front driver's side door, which was open. As he proceeded across the front dashboard, he noted a loosely mounted stereo in the front center console. The stereo had no screws holding it in. Jenson slid the stereo out and found behind it a plastic bag containing a large amount of marijuana.

Following arguments by counsel, the trial court denied defendant's motion to quash arrest. The court took under advisement defendant's motion to suppress the evidence. On August 9, 1994, the trial court granted defendant's motion to suppress the evidence. On October 30, 1994, the trial court denied the State's motion to reconsider. The State filed a timely notice of appeal and a certificate of impairment. On appeal, the State argues that the search was both a valid search incident to arrest and a valid inventory search.

■ The fourth amendment normally prohibits police from conducting a search unless they first convince a neutral magistrate that there is probable cause to do so. *New York v. Belton*, 453 U.S. 454, 457, 69 L. Ed. 2d 768, 773, 101 S. Ct. 2860, 2862 (1981). However, when an officer makes a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of the arrest, search the passenger compartment of the vehicle and the contents of any containers within the compartment. *Belton*, 453 U.S. at 460, 69 L. Ed. 2d at 775, 101 S. Ct. at 2864. The Court in *Belton* defined container:

" 'Container' here denotes any object capable of holding another object. It thus includes closed or open glove compartments, consoles, or other receptacles located anywhere within the passenger compartment, as well as luggage, boxes, bags, clothing, and the like." 453 U.S. at 460 n.4, 69 L. Ed. 2d at 775 n.4, 101 S. Ct. at 2864 n.4.

In *United States v. Willis*, 37 F.3d 313 (7th Cir. 1994), the officer was observing the defendant in a school parking lot. The officer saw the metallic glint of a gun. *Willis*, 37 F.3d at 315. The officer arrested the defendant for possession of the gun and searched the defendant's car. The dashboard of the car housed a removable radio which the officer pulled from the dashboard because he was aware that drug dealers sometimes stored drugs inside removable radios. The officer then peered through holes in the radio casing and spotted a plastic bag containing crack cocaine. The district court found that the removable radio was a container as defined in *Belton* because it was an object capable of holding another object. *Willis*, 37 F.3d at 317. The court of appeals upheld the search of the defendant's radio casing as a valid search incident to arrest. *Willis*, 37 F.3d at 318.

In *United States v. Veras*, 51 F.3d 1365 (7th Cir. 1995), the police officers observed defendants loading something into the area of the backseat of a car. Later, an officer saw the barrel of a revolver located by a defendant's feet on the floor of the car. The defendants were ordered out of the car and the officers searched the defendants' vehicle. *Veras*, 51 F.3d at 1368. Built into the deck between the back-

seat and the rear window of the car was a secret covered compartment. One of the officers searched the compartment and found 10 kilograms of cocaine. The court of appeals, citing *Willis*, held that the secret compartment was part of the passenger compartment and therefore a permissible area for the officer to search incident to a valid custodial arrest. *Veras*, 51 F.3d at 1372.

■ In the present case, without elaboration, the trial court found that the area behind the stereo was not a container as defined in *Belton*. We disagree. The officer testified that there is enough room behind the stereo of a car to store a gun or other items. If even one screw had held the stereo in place, the area could be characterized as an unused and inaccessible space behind a component of the car. However, without screws holding the stereo in place, the stereo can easily be used as a lid which disguises a storage compartment. Without screws, the space behind the stereo is at least as accessible as the glove compartment, which is clearly a container which may be searched incident to a lawful custodial arrest. See *Belton*, 453 U.S. at 460 n.4, 69 L. Ed. 2d at 775 n.4, 101 S. Ct. at 2864 n.4. Therefore, we hold that, where the stereo of the car is unattached by screws and may simply be pulled out to access the space behind it, a police officer may, incident to a lawful custodial arrest, search the area behind the stereo.

Because we have determined that the search of the compartment behind the stereo may be characterized as a lawful search incident to arrest, we need not discuss whether the search was a proper inventory search.

■ Defendant argues that, even if we find that the area behind the stereo is a container which may be searched incident to a lawful custodial arrest, we must affirm the trial court because the arrest was unlawful. Defendant argues that the officer did not have the right to ask defendant for his driver's license after seeing that he was not a woman. However, the record does not indicate that defendant raised this issue in the trial court. Therefore, the issue has been waived on appeal. See *People v. Enoch*, 122 Ill. 2d 176, 186 (1988).

For the foregoing reasons, we reverse the order of the trial court suppressing the evidence of marijuana found during the search and remand this cause to the circuit court for further proceedings consistent with the views expressed herein.

Reversed and remanded.

BOWMAN and RATHJE, JJ., concur.